**Fred Joseph WHITE, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–16308.**

Court of Criminal Appeals of Oklahoma.
March 24, 1971.

Roehm A. West, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

## OPINION

BRETT, Judge.

This is an original proceeding in which petitioner, Fred Joseph White, seeks issuance of the writ of habeas corpus, and relief from the judgment and sentence of the District Court of Creek County, in that court's case number 6166–C, wherein he was convicted by a jury and was sentenced to serve four years imprisonment for First Degree Manslaughter. Petitioner's conviction was appealed to this Court as case No. A–14,767; was Affirmed and reported in 458 P.2d 322; thereafter, his Petition filed in the United States Supreme Court for Writ of Certiorari, in 397 U.S. 917, 90 S. Ct. 922, 25 L.Ed.2d 98, was denied February 24, 1970. Petitioner's subsequent application for suspension of sentence was denied by the trial court, and petitioner thereafter filed this Petition seeking relief on the premise that the statute under which he was convicted had been repealed by the 1961 Session of the Oklahoma Legislature, when the Oklahoma Highway Safety Code was passed.

Petitioner was charged with first degree manslaughter under the provisions of 21 O.S. § 711. The information alleged, as the premise for the charge, that petitioner was driving while under the influence of intoxicating liquor when he became involved in an automobile accident, the result of which one, Estella Chappelle, died. Petitioner asserts that the Oklahoma Highway Safety Code, which became effective September 1, 1961, repealed the effect of Title 21, O.S. § 711, with reference to an automobile accident which results in the death of another within a year thereafter. Petitioner asserts further, the intent of the Oklahoma Legislature to be, that the provisions of Title 47, O.S. § 11–903, defining

"Negligent Homicide", provides that an offense laid under these provisions constitutes a misdemeanor, whereas he was charged under the felony statute. In support of these contentions, petitioner cites the decisions of this Court in Atchley v. State, Okl.Cr., 473 P.2d 286 (1970), and Ritchie v. Raines, Okl.Cr., 374 P.2d 772 (1962).

Title 47, O.S. § 11–903, provides as follows:

### "Negligent homicide

"(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide.

"(b) Any person convicted of negligent homicide shall be punished by imprisonment in the county jail for not more than one year or by fine of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

"(c) The Commissioner of Public Safety shall revoke the license or permit to drive and any nonresident operating privilege of any person convicted of negligent homicide. Laws 1961, p. 387, § 11–903."

We have considered the petition and the response filed herein very carefully, and after due consideration reach the conclusion that petitioner's contentions are without merit, for the following reasons.

The decision of Atchley v. State, *supra,* is correct with reference to the interpretation of 47 O.S. § 11–903, concerning "Negligent Homicide" resulting from "reckless driving"; and we do not disturb the decision reached by this Court in Ritchie v. Raines, *supra*; however, when a driver is proved to have been "intoxicated", that condition removes the charge from falling within the definition of negligent homicide; but we add, proof of intoxication

means sufficient evidence to show beyond a reasonable doubt that the accused was under the influence of intoxicants to an extent that he was incapable of safely driving a motor vehicle. Such proof appears to have been presented in petitioner's trial.

Petitioner contends that insofar as Article IX, of the Oklahoma Highway Safety Code, defines both "Driving While Under the Influence of Intoxicants", and "Reckless Driving", it was the legislative intent that both offenses fall within the definition of "Negligent Homicide". We do not interpret the legislative intent in that manner.

47 O.S. § 11–901(a), provides:

"It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions contained in section 11–801."

Section 11–801 provides for "Basic Rule and Maximum Limits", which covers the careful and prudent manner of driving within the specified speed limits, under defined conditions. No where in either of the sections: § 11–801, or § 11–903, do we find special provisions or allowances being made for one driving under the influence of intoxicants.

In reviewing the cases cited in Atchley v. State, *supra*, we find that each of those cases concerned negligent driving only, and none discussed the added condition of intoxication of the driver.

We are therefore of the opinion that if it had been the legislative intent to include the condition of intoxication in the definition of negligent homicide, section 11–903 would have provided: "Reckless disregard of the safety of others, *as in this Article provided*, the person so operating such vehicle shall be guilty of negligent homicide." But in the wisdom of the legislature, the definition of negligent homicide makes reference only to reckless driving.

We therefore hold, subject to sufficient proof of intoxication being available, a condition of intoxication takes the offense of homicide, resulting from an automobile accident, out of the definition of "Negligent Homicide" and a conviction for Manslaughter laid under 21 O.S. § 711 will be sustained. To hold otherwise would be giving drunk drivers free license to commit further slaughter on the highways of Oklahoma at the price of a misdemeanor. We very much doubt that to be the intent of the Oklahoma Legislature.

Therefore, petitioner's writ of habeas corpus is hereby denied; and the Clerk of this Court is directed to reissue the Mandate in case No. A–14,767, within five (5) days of the date of this opinion.

Writ denied.

BUSSEY, P. J., concurs.

NIX, Judge (dissenting).

I am of the opinion that the law as laid down in Atchley v. State, *supra*, is likewise prevailing in the case at Bar; therefore, I cannot agree with my learned colleague.