**Leroy Truman McCONNELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15871.**

Court of Criminal Appeals of Oklahoma.

May 19, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Plaintiff in error, Leroy Truman McConnell, hereinafter referred to as defendant, was charged with and tried before a jury in the District Court of Oklahoma County, for the crime of "Manslaughter in the Second Degree"; he was found guilty by verdict of the jury which fixed his punishment at two years imprisonment, upon which formal judgment and sentence was pronounced.

The facts briefly stated are: On or about the 24th day of March, 1968, the defendant and two other persons, enroute to a place known as the "Canadian Club", drove into a rural section on Southwest 29th Street, in Oklahoma City, Oklahoma. It had been raining, the road was unpaved, and the defendant and his companions were riding in a car which became stuck in the mud. Defendant and one of the other occupants of the auto walked to a service station to summon a wrecker truck to pull the vehicle out of the mud. The other companion stayed with the vehicle.

Defendant and his companion were gone for over two hours before they returned with the wrecker truck. The wrecker pulled the vehicle from the mud; and on the return trip the automobile in which the defendant was riding, according to his testimony, collided with another automobile at the intersection of Southwest 29th Street and Council Road in Oklahoma City, Oklahoma. The State contended defendant was driving the vehicle. The drivers and passengers of both automobiles were injured. The State contended further that the operator of the other vehicle was killed as a direct result of the accident, and defendant was charged herein.

Defendant has advanced three propositions of error upon which he relies for reversal, but it will be necessary to discuss his first proposition only, for determination of this appeal.

Defendant's first proposition of error is stated as follows:

"That the verdict and judgment is contrary to law by reason of the court's failure to sustain the defendant's DEMURRER to the information interposed prior to the introduction of any evidence by the state."

In the response filed by the Attorney General the above proposition is admitted; and the Attorney General states as follows:

"* * * having considered the argument and authorities advanced by the plaintiff in error in support of said Proposition of Error I and, by the consideration of additional authorities, concurs in the proposition of plaintiff in error that this cause should be reversed and remanded for new trial and that the State be instructed to proceed under the negligent homicide statute 47 O.S.1961, § 11–903 or the greater charge of Manslaughter First Degree under 21 O.S. 1961, § 711, if evidence can be submitted to support same."

The Attorney General is following this Court's statements of law in Atchley v. State, Okl.Cr., 473 P.2d 286, and White v.

State, Okl.Cr., 483 P.2d 751, in making the confession of error in this appeal.

In view of the increased number of matters filed in this Court, and considering the already existing caseload, we commend the Attorney General for recognizing the situation and relieving the Court of the unnecessary and burdensome task of reaching the same results otherwise, by the confession of error contained in his response herein.

Therefore, after considering this matter, we are of the opinion this conviction should be reversed and remanded for a new trial under the provisions of 47 O.S. 1961, § 11–903, or in the alternative 21 O. S.1961, § 711, if the necessary elements of intoxication can be proved by competent evidence in compliance with White v. State, *supra*.

It is so ordered.

BUSSEY, P. J., and NIX, J., concur.