Dewayne Joseph SHORT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–740.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1977.

**220**

Richard A. Hoffman, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BLISS, Judge.

Appellant, Dewayne Joseph Short, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–2931, with the crime of Manslaughter in the First Degree, in violation of 21 O.S.1971, § 711, subsection (1). The case was tried to a jury and a guilty verdict was returned. Punishment was assessed at thirty (30) years' imprisonment.

From said judgment and sentence a timely appeal has been perfected to this Court.

Inasmuch as we are reversing this case, we deem it unnecessary to recite fully the facts. Suffice it to say that the death occurred as a result of an automobile collision wherein the defendant was the driver of one car. The defendant was being pursued at the time by several Tulsa Police Officers in a chase which reached speeds over 100 miles per hour. In support of the charge of Manslaughter in the First Degree, the State alleged that the homicide occurred during the commission of a misdemeanor, to-wit: Reckless Driving. An instruction on Negligent Homicide (47 O.S. 1971, § 11–903) was also given.

■ The defendant asserts that under the facts an instruction on Manslaughter in the First Degree was inappropriate, and reversible error. We agree.

In *Atchley v. State*, Okl.Cr., 473 P.2d 286 (1970), we held that the Negligent Homicide Statute superseded Manslaughter in the Second Degree in cases where the homicide is the result of an automobile accident. In *White v. State*, Okl.Cr., 483 P.2d 751 (1971), we held that intoxication of a driver who was involved in a fatal accident can subject him to First Degree Manslaughter. The State would now have us hold that proof of Reckless Driving, a misdemeanor, could also subject the driver to the First Degree Manslaughter sanction.

In support of this conviction, the State relies on the case of *Hopkins v. State*, Okl. Cr., 506 P.2d 580 (1973), which arose out of a similar fact situation. In *Hopkins*, as in the instant case, the driver was charged under 21 O.S.1971, § 711, subsection (1), which provides that homicide occurring during the commission of a misdemeanor is Manslaughter in the First Degree. In *Hopkins*, as here the misdemeanor was alleged to be Reckless Driving. In *Hopkins*, as here, an instruction was given on Negligent Homicide. However, therein the defendant was convicted of the lesser offense of Negligent Homicide, and we said:

"Since in the present case the defendant was found guilty of Negligent Homicide, the question of whether the actions of the defendant were sufficient to sustain conviction of First Degree Manslaughter is not before this Court."

This issue, however, is now before us.

Title 47, Oklahoma Statutes, 1971, Section 11–903, subsection (a):

"(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."

The information in the present case charged homicide in the commission of a misdemeanor, Reckless Driving. Title 47, Oklahoma Statutes, 1971, Section 11–901, subsection (a) defines Reckless Driving:

"(a) It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard for the safety of persons or property or in violation of the conditions outlined in section 11–801."

Title 47, Oklahoma Statutes, 1971, Section 11–801 deals with speeding.

This recitation makes it apparent that the culpability of a driver charged under either Negligent Homicide, or Manslaughter in the commission of the misdemeanor of Reckless Driving, is the same. Thus, while it is true that there may be varying degrees of recklessness, or negligence, it is also true that the Legislature in its sovereign wisdom, has not seen fit to distinguish between these varying degrees in the enactment of the legislation dealing with vehicular homicide. This being so, the more specific and more recent Negligent Homicide Statute must control cases which deal with fatal accidents arising from the reckless operation of a motor vehicle. Furthermore the highway safety code generally provides that infractions thereof are misdemeanors. See, 47 O.S.1971, § 11–102. As noted above the definition of reckless driving makes direct reference to 11–801, which deals with speeding violations. Thus a driver who is involved in an accident while merely speeding could be charged with First Degree Manslaughter, either because speeding can be reckless driving, or because speeding itself is defined as a misdemeanor. In either case, permitting the State to charge under 21 O.S.1971, § 711, subsection (1), would leave the Negligent Homicide Statute with little or no substance.

By so holding that one may not be charged with Manslaughter in the First Degree in conjunction with the misdemeanor of Reckless Driving, we in no way overrule prior cases which hold that Manslaughter in the First Degree is a proper charge on proof of driving while intoxicated. See, *White v. State,* supra.

We are thus of the opinion that it was improper to charge the defendant with First Degree Manslaughter although in the absence of a Negligent Homicide Statute the facts proven in this case would justify a conviction on the First Degree Manslaughter charge. Consistent with our opinion today, and in view of the overwhelming evidence of guilt, we accordingly reverse with directions to the trial court to *MODIFY* the sentence to one (1) year in the County Jail, under a new judgment and sentence of Negligent Homicide, with credit for time already served.

BUSSEY, P. J., and BRETT, J., concur.