A.L.G., a Juvenile, Appellant,

v.

STATE of Oklahoma, Appellee.

No. J–86–593.

Court of Criminal Appeals of Oklahoma.

April 15, 1987.

Harold O. Welch, Asst. Public Defender, Tulsa, for appellant.

David Moss, Dist. Atty., Darrell Shepherd, Legal Intern, Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, A.L.G., a juvenile, was adjudged delinquent after being found guilty in the Juvenile Division of the District Court of Tulsa County, Case No. JVJ–85–510, of First Degree Manslaughter and was recommitted to the custody of the Department of Human Services.

On March 19, 1986, Officer Gary Stansill observed the appellant, who was fourteen years old at the time and whom the officer knew by sight, driving an automobile in the fifty-two hundred block of North Peoria in Tulsa. Having been recently informed that a warrant was outstanding for the appellant's arrest, Stansill engaged his emergency lights and siren and stopped the appellant. After the officer left his patrol car, he called the appellant by name, approached the stopped vehicle, and asked him to exit the automobile because there was a warrant out for his arrest. The appellant then drove off at a high rate of speed. The officer got back into his patrol car and pursued the appellant who drove through a residential area at speeds from fifty to sixty miles per hour. After a short

chase of less than one minute, the appellant ran a stop sign, collided with another vehicle and killed one of the occupants.

■ In his first assignment of error the appellant argues that the Negligent Homicide statute, 1985 Okla.Sess.Laws, Ch. 112, § 10, now 47 O.S.Supp.1986, § 11–903, controls cases where intoxication is not involved, and the fatality is the result of the negligent operation of an automobile. He cites *Short v. State*, 560 P.2d 219 (Okl.Cr. 1977) to support this argument. In *Short* we held that one may not be convicted of Manslaughter in the First Degree when Reckless Driving is the predicate misdemeanor. We found that the underlying offense of Reckless Driving involved reckless disregard for the safety of others, and since that is the identical requirement of Negligent Homicide, that statute, which was more recent and specific, must control. The appellant in *Short* was being pursued by police officers in a chase which reached speeds of over 100 miles per hour. The State alleged that the homicide occurred during the commission of a misdemeanor, Reckless Driving. However, in the case at bar the underlying misdemeanors include Attempted Escape and Eluding a Police Officer. To fall within the rule announced in *Short*, those two charges must be synonymous with "reckless disregard of the safety of others." A comparison of the applicable statutes [1] clearly reveals that the elements of the offenses are not the same. This assignment of error is meritless.

The next assignment of error assumes this Court's acceptance of the appellant's first proposition and urges the implications of the Negligent Homicide statute which provides that the driver of the vehicle must be sixteen years of age or older. Because we have determined that the appellant could be adjudged delinquent under the First Degree Manslaughter statute, we need not address this issue.

■ As his third assignment of error the appellant maintains that none of the underlying misdemeanors could be the proximate cause of the injury resulting in death, and therefore as a matter of law, the trial court could not have found the appellant guilty of manslaughter. We have frequently held that if the misdemeanor-manslaughter doctrine is relied upon to obtain a conviction of Manslaughter in the First Degree, then the misdemeanor relied upon must be the proximate cause of death. *Lime v. State*, 508 P.2d 710 (Okl.Cr.1973). "[W]here events are foreseeable and naturally result from one's criminal conduct, the chain of legal causation is considered unbroken and the perpetrator is held criminally responsible for the resulting harm." *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir.1979), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). A traffic accident and fatality are foreseeable results of the appellant's criminal conduct in his attempt to escape and his flight to elude a police officer. His flight included speeding and running a stop sign. Although the fatality was the result of those acts, the chain of events is considered unbroken. We there-

---

1. Title 21 O.S.1981, § 444 is the applicable statute on attempting to escape arrest or detention, and provides:
   A. It is unlawful for any person, after being lawfully arrested or detained by a peace officer, to escape or attempt to escape from such peace officer.
   B. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a misdemeanor offense shall be guilty of a misdemeanor.
   Title 21 O.S.1981, § 540A is the applicable statute concerning the offense of Eluding a Police Officer, and provides in pertinent part:
   Any operator of a motor vehicle who has received a visual and audible signal, a red light and a siren from a peace officer driving a motor vehicle showing the same to be an official police, sheriff, highway patrol or state game ranger vehicle directing the said operator to bring his vehicle to a stop and who willfully increases his speed or extinguishes his lights in an attempt to elude such peace officer, or willfully attempts in any other manner to elude the peace officer, or who does elude such peace officer, is guilty of a misdemeanor.
   Title 47 O.S.Supp.1986, § 11–903(a) provides:
   (a) When the death of any person ensues within one (1) year as a proximate result of injury received by the driving of any vehicle by any person sixteen (16) years of age or older in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide.

fore find this assignment of error to be without merit.

 The appellant's fourth assignment of error maintains that the arrest warrant was improperly issued and because the resulting arrest would have been unlawful, the appellant could not have been guilty of an attempted escape. The arresting officer testified that he stopped the appellant because he knew him, knew that there was an outstanding warrant for his arrest, and knew that he was fourteen years old and driving without a license. The issue is whether or not the appellant had the legal right to leave the scene after being stopped by the officer. We hold that he did not. Title 21 O.S.1981, § 444(A) provides: "It is unlawful for any person, after being lawfully arrested or detained by a peace officer, to escape or attempt to escape from such peace officer." The appellant questions the lawfulness of the detention because of the alleged invalid arrest warrant. We have held that a defect in an original charge or conviction will not justify an escape where a person has been imprisoned. *Phillips v. State*, 622 P.2d 719 (Okl. Cr.1981). We stated in that case that "[s]elf-help is generally not recognized as a valid method of challenging a conviction." *Phillips*, 622 P.2d at 720. Similarly, where a police officer has been informed over his police radio by the dispatcher that a warrant is outstanding for a person's arrest, the individual does not have the right to challenge the warrant by escaping from the officer. Lawful custody for purposes of determining if an individual committed the offense of escape pertains only to the process by which a person is held or committed. "If the process was valid then lawful custody existed." *Phillips*, 622 P.2d at 720. Because the police officer had been informed through proper channels that a warrant was outstanding, and because he knew the appellant, who was driving an automobile, was an unlicensed driver, the police officer clearly had the legal right to detain, and arrest the appellant, and the trial court could legally find that the appellant was guilty of an attempted escape.

Finally, the appellant complains that the trial court did not specify which misdemeanor was the predicate for the charge of First Degree Manslaughter. He cites *Franks v. State*, 636 P.2d 361 (Okl.Cr. 1981), *cert. denied*, 455 U.S. 1026, 102 S.Ct. 1729, 72 L.Ed.2d 147 (1982), to support his proposition that failure to indicate which crime is the predicate to support a murder or manslaughter charge is a denial of due process. *Franks* does not support such a proposition. In that case the judgment and sentence was modified from First Degree Murder and death, to Second Degree Murder and life imprisonment. There was no majority opinion in the case, and the case certainly does not support the appellant's proposition. The trial court found that the appellant committed all three misdemeanors charged in the Supplemental Petition. As we have found in the third assignment of error that either of the charges of Attempted Escape, or Eluding a Police Officer were proper predicates for the charge of First Degree Manslaughter, we find no merit in this assignment of error.

The Order adjudicating the appellant a delinquent child is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., dissents.