**STATE of Oklahoma, Appellant,**

v.

**Glenn Marvin BREGER, Appellee.**

**No. S–86–637.**

Court of Criminal Appeals of Oklahoma.

May 22, 1987.

As Corrected May 27, 1987.

Robert H. Macy, Dist. Atty., Oklahoma County, John J. Foley, Asst. Dist. Atty., Oklahoma City, for appellant.

## OPINION

PARKS, Judge:

The appellant, the State of Oklahoma, represented by the Oklahoma County District Attorney, filed an information in Case No. CRF–85–3837, charging the accused, Glenn Marvin Breger, with two counts of Manslaughter in the First Degree. The district attorney believed that a misdemeanor manslaughter charge was proper because the accused had allegedly caused a homicide while committing the misdemeanor of Driving While Impaired. At the preliminary hearing, however, Oklahoma County District Judge John M. Amick entered an order holding the information to be insufficient. The district attorney then filed an amended information, again charging the accused with two counts of manslaughter, and the case was assigned to the Honorable William R. Saied. After studying the pleadings, Judge Saied granted a defense motion to quash the information and entered a judgment for the accused on the ground that driving while impaired is not a proper predicate for a charge of misdemeanor manslaughter. We affirm the order of the District Court.

This case presents a question of first impression for this Court. In 1961, the Oklahoma Legislature passed a statute providing for the new crime of Negligent Homicide. Title 47 O.S.1981, § 11–903. The statute was enacted in response to the change in societal conditions brought about by the widespread use of the automobile, and was intended to apply to homicides caused by the culpably negligent operation of a motor vehicle. Thus, in *Atchley v. State*, 473 P.2d 286 (Okl.Cr.1970), this Court held that a death caused by reckless driving was negligent homicide. On the other hand, first, in *Ritchie v. Raines*, 374 P.2d 772 (Okl.Cr.1962), and later, in *White v. State*, 483 P.2d 751 (Okl.Cr.1971), we held that a death caused by a person who was driving under the influence of intoxicating liquor was properly prosecuted as a manslaughter, because driving under the influence is a different category of crime than the type of culpable negligence caused by the negligent homicide statute.

The appellant, relying primarily on *Ritchie* and *White*, argues that the element of "intoxication" also takes this case out of the category of negligent homicide. However, in *White*, Judge Brett clearly stated that, "proof of intoxication means sufficient evidence to show beyond a reasonable doubt that the accused was under the influence of intoxicants to an extent that he was incapable of safely driving a motor vehicle." *Id.* at 752–53. The phrase "incapable of safely driving a motor vehicle" is the definitional standard used by the Oklahoma courts for determining whether a person is so intoxicated that he is guilty of the crime of Driving Under the Influence. *See Ritchie, supra.*

■ Driving under the influence is a very serious misdemeanor in Oklahoma. It is punishable by up to one (1) year in jail and a $500 fine. Title 47 O.S.1981, § 11–902. The punishment for driving while impaired, on the other hand, is less than the punishment for reckless driving. Driving while impaired is punishable by fine only. Title 47 O.S.1981, § 761. In fact, driving with a blood alcohol content between .05 and .10 is not a crime, unless the driver has also violated some other traffic law or is so affected as to be a threat to public health and safety. Title 47, O.S.1981, § 756(b).

■ A driver whose actions threaten public health and safety is culpably negligent. A death resulting from such actions is negligent homicide. Neither party has

cited a case, nor has this Court found a case, in which driving whle impaired has ever been used as a predicate for misdemeanor manslaughter in Oklahoma. Accordingly, the District Court's order granting the defendant's motion to quash the information in Case No. CRF–85–7837 is hereby AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., dissents.