Cecil **PATTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–750.

Court of Criminal Appeals of Oklahoma.

May 7, 1975.

Greg Shanahan, Moore & Shanahan, Atoka, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jim Patton, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Cecil Patton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Atoka County, Case No. CRF–73–100, for the offense of Escape From a State Penitentiary, in violation of 21 O.S.1971, § 443. His punishment was fixed at a term of two (2) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Robie Battles testified he was employed as Assistant Records Clerk at the Oklahoma State Penitentiary located at McAlester, Oklahoma. According to his records the defendant was incarcerated for the crime of Larceny of an Automobile. The defendant, upon arrival at the prison, received prison number 85940 which was still his current prison number. Battles then identified State's Exhibit No. 1 as a certified copy of a judgment and sentence from Roger Mills County and that sentence was the one defendant was incarcerated on. Battles was not present at the trial in Roger Mills County and could not testify that the defendant was the same person who was tried in Roger Mills County, however, the defendant was the person who came down to the penitentiary with the judgment and sentence.

L. R. Bartlett testified he was employed at the McLeod Honor Farm. At approximately 9:30 p.m. on December 22, 1973, he was making his rounds and noticed a truck was missing. After a count of the inmates he learned two were missing, one being the defendant.

Pete Anderson testified he was the Assistant Warden at the McLeod Honor Farm. He put out an all points bulletin on the defendant and one James Paul Duncan

after being advised that they were missing from the honor farm. The defendant was apprehended at a roadblock a few hours later on U.S. 271 between Antlers and Hugo, Oklahoma. He finally testified that he did not give defendant permission to leave the honor farm.

Casey Moser testified he was an investigator for the District Attorney's Office in Hugo, Oklahoma. He apprehended the defendant approximately one mile and a half east of Hugo. He subsequently turned the defendant over to prison authorities. Moser further testified that defendant never asked to be taken to the County Jail so that he could be seen by a doctor.

The State then rested.

The defendant testified in his own behalf that he was presently serving time in the Oklahoma State penitentiary for Larceny of an Automobile. He stated that while at the McLeod Honor Farm he became ill and needed medical attention. He became aware of this need about five days before he left the honor farm. He had requested medical attention but he did not receive satisfactory medical aid. He left the honor farm to seek medical attention. Upon cross-examination he testified he had two previous felony convictions.

In rebuttal the State recalled Pete Anderson. He testified that a regular sick call bus ran once a week and if an emergency arose a special trip was made by this bus. He further testified that the defendant never requested emergency medical attention.

Defense counsel urges in his sole proposition of error that the trial court erred in admitting a purported judgment and sentence of the defendant for the reason that the defendant was not properly identified as the same Cecil Patton as the Cecil Patton represented in the judgment and sentence. In support of this argument, counsel submits the rule recited in Claunch v. State, Okl.Cr., 501 P.2d 850 (1972) which generally sets forth that it is incumbent upon the State in a prosecution for escape to set forth the reasons and grounds for which defendant is legally incarcerated in the institution from which he is alleged to have escaped. This same contention was answered in the recent case of Pickens v. State, Okl.Cr., 530 P.2d 1369 (1975), wherein this Court stated:

"It is an accepted rule that this proof is satisfied by the introduction of the judgment and sentence upon which defendant was serving time at the time he was alleged to have escaped. Defense counsel by analogy urges the language in Baker v. State, Okl.Cr., 432 P.2d 935 (1967) which states that the proof of a former conviction in support of the allegations in the second page of an Information of an offense alleged after former convictions must satisfy the rule 'It is necessary for the identity of the accused to be established as one and the same person as that person convicted of the prior offense.' We do not disagree with defense counsel's assertion that the proof must sustain the person alleged to have escaped must be identified as the same person incarcerated under the judgment and sentence introduced at the trial as basis for showing the grounds of his incarceration. In the case of Williams v. State, Okl.Cr., 364 P.2d 702 (1961), however, we held in the first paragraph of the Syllabus:

" 'In regard to proof of former conviction under the Habitual Criminal Act, 21 O.S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission.'

"We observe that the same application of the above rule should be made in the instant case."

Also see, Sessions v. State, Okl.Cr., 494 P. 2d 351 (1972).

In the instant case we find that there was sufficient circumstantial evidence presented to identify the defendant as the same person as that person represented in the judgment and sentence introduced by the State.

In conclusion we observe that the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, P. J., and BLISS, J., concur.