Tracey Douglas GOSSETT, a/k/a Ray Lee
Jaggers, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–486.

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1976.

Rehearing Denied Aug. 27, 1976.

Charles W. Stubbs, Stubbs, Stiner &
Pace, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L.
McDonald, Asst. Atty. Gen., Joe Mark El-
kouri, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Tracey Douglas Gossett,
a/k/a Ray Lee Jaggers, hereinafter re-
ferred to as defendant, was charged in the
Oklahoma County District Court, Case No.
CRF–74–679, for the offense of Burglary
in the Second Degree, in violation of 21
O.S.1971, § 1435. He was tried by a jury,
found guilty as charged and sentenced to a
term of imprisonment of five (5) years in
the Oklahoma State Penitentiary, and from
this judgment and sentence a timely appeal
has been perfected to this Court.

The State's first witness was David
French, owner of French Trucking Compa-
ny at 2509 South Eastern in Oklahoma
City. He testified that on the 17th day of
February, 1974, at approximately 10:45 P.
M., he received a call from his night
watchman, reporting that his office had
been broken into. Upon arrival at the
scene, this witness ascertained that his
suede jacket and a television set were
missing. In addition, the front door of the
office was open and the office safe had
been moved outside. Also, an automobile
seat had been abandoned and was lying to
the left of the office door. The witness

further testified that it appeared to him that the door had been pried open. There was an O.G. & E. night light over the office.

The State's next witness was Doyle Welton Evans, who was employed by French Trucking Company as a night watchman. He testified that on the night in question, he was studying in a small office building located a short distance from the main office building. Shortly after 10:00 P.M. he began to hear noises which were "out of the ordinary". He checked several times but could see nothing from his position. Subsequently, upon hearing a sound of a car leaving he went across the yard and saw a white vehicle turning west on to 25th Street from the front driveway. The vehicle appeared to be a Rambler car with a white right taillight. Immediately following the departure of said vehicle, the police and Mr. Robinson, who owned an air conditioning business up the street, arrived at the scene and inquired if the witness knew there had been a robbery. It was then that the witness noticed that the safe had moved out of the office.

The State then called Joseph Robinson, who owned an air conditioning shop at 1800 South Eastern, who testifed that on the evening of February 17th, 1974, he was returning to his shop from a coffee break at a truck stop located at 44th and South Eastern. And while passing the office of the French Trucking Company, he noticed a white or cream colored 1962 Rambler backed up to the office. There were two white males standing in the doorway and an object lying just outside the door. The witness proceeded to his shop, immediately notified the police, then returned to the scene. Upon returning to the scene, he found that the vehicle and the two individuals had departed and the police had arrived. Later, this witness accompanied the police to the vicinity of 18th or 19th Street where he identified the vehicle found there to be the same as the one he saw earlier.

The next witness to testify for the State was Lloyd Barnes, owner of a wrecker service. He testified that at approximately 10:45 P.M., while at the Del City Police Department, he overheard the report of the burglary of French Trucking Company. This witness testified that included in the dispatch was a description of the suspect vehicle as a white Rambler with a white right taillight. The witness immediately departed and proceeded West on 29th Street and at the intersection of 29th and I-35 he observed the vehicle in question. He then notified the police by radio and began to follow the vehicle. The suspect vehicle returned past the scene and the witness slowed temporarily to alert the police. The police joined in the chase but subsequently lost the vehicle. However, the witness did note the license tag number of the vehicle as being "X-ray Lincoln 5517" which he reported to the police.

The State then called Edward Lee Campbell, a police officer for the Oklahoma City Police Department. He testified that on the night in question at approximately 10:45 P.M., he and co-officer White arrived at the scene in answer to a burglary dispatch. Upon arrival, he found a door to the office building open and a large safe lying partly outside the office. Also, there was a tan rear automobile seat lying next to the office. While talking to Robinson, the officers were alerted by Mr. Barnes and they followed in pursuit of the suspect vehicle. However, due to the police vehicle's faulty brakes the suspect vehicle was subsequently lost and the two officers returned to the scene. The witness testified that seven to thirteen minutes later he received notice that the suspect vehicle had been located and that his partner went to the location and transported the suspect back to the scene. At this time the witness identified State's Exhibit No. 1 as a picture taken in his presence which depicted the scene as he found it on the night in question. Furthermore, it was disclosed that neither he nor Officer White reported a white taillight prior to the chase.

The State's next witness, Police Officer David White, gave testimony which was substantially the same as that of Officer

Campbell's, with the following additions. Upon arriving at the location of the suspect vehicle, he found that the suspect had been detained by Sheriff and Police Officers and at this time he was given custody of the two individuals. The witness recognized the defendant as Ronald Lee Jaggers, but the defendant had identified himself as Mr. Bolling. Upon inspection of the vehicle he found that it had a right white taillight and that the rear seat was missing. Neither the television nor the suede jacket was found in the vehicle, nor have they been located since, to the best of witness' knowledge. The witness also identified State's Exhibit No. 2 as the picture depicting the vehicle as he found it.

Next to testify for the State was Gilbert E. Sneeden, Jr., Patrolman for the Del City Police Department. He testified that after hearing the report of the burglary he proceeded to the scene. From there he began to patrol the area in search of the suspect vehicle after receiving information from a dispatcher that said vehicle was a 1962 Rambler with a right white taillight. After a search of approximately 15 minutes, he observed a car matching that description parked on a residential street in about the 1900 block of Southeast 19th. Furthermore, he observed two white males, one of whom was the defendant, walking away from said car. The witness did not apprehend the two individuals but proceeded to report the tag number and examine the vehicle. At this time, the witness identified State's Exhibit No. 3 as the picture of the interior of the 1962 Rambler with the rear seat missing.

Cliff Johnson, Deputy Sheriff of Oklahoma County, was called as the State's next witness. He testified that while engaged in the search for the suspect vehicle, he and his partner overheard Patrolman Sneeden's report of the location of said vehicle. They proceeded to the vicinity where they observed two males walking down the street. The two individuals were stopped and asked to identify themselves, whereupon the defendant identified himself

as Dale Bolling and the other individual as Rick Jaggers. Furthermore it was a rather cold night, the two individuals, wearing relatively light jackets, were not dressed for the weather.

The State then called Jim Gallegly, a Detective from the stolen goods division for the Oklahoma City Police Department. He testified he took a sample from the upper portion of the rear seat in the Rambler for comparison with the rear seat left at the scene. The sample was admitted as State's Exhibit No. 4. In this witness' opinion the sample matched the rear seat. The rear seat was then admitted as State's Exhibit No. 5, after Officer White was called to the stand for the purpose of identification.

The next witness, Lucy Kuhlman, testified that she sold the Rambler in question to one Phillip Hayes, who was the individual arrested and charged along with the defendant for the burglary of the French Trucking Company. The day of the sale she believed to be the 15th or 16th of February, 1974. State's Exhibits No. 7, 8 and 9 were introduced to substantiate this witness' prior ownership of the vehicle in question.

At this point the State rested and the defense presented its case.

As the defense's only witness, Tracey Douglas Gossett testified in his own behalf. He stated that he spent most of the evening on the night in question drinking in the lounge at the Holiday Inn located at 29th and I-35, and in the process became intoxicated. He asserted that he had been accompanied to the lounge by Phillip Hayes and an individual whom he knew only as Don or under the nickname of Fuzzy. He stated that later in the evening that Phillip Hayes and Don left and then later returned to pick him up. He was seated in the middle of the front seat but being intoxicated was slumped over and therefore hidden from view. When the car stopped Don ran away and the defendant and Phillip proceeded down the street at a brisk pace. The defendant testified that he was

unaware of what had happened until stopped by the police. He stated that he did not use the name Bolling, but did use the name Jaggers at times for apparently sentimental reasons because it was a name of a close friend who had died in a motor cycle accident in California.

The defendant's first assignment of error is that there was insufficient evidence to sustain a conviction of the crime of Burglary in the Second Degree. This Court's ruling on the sufficiency of circumstantial evidence has been more than adequately reviewed in the case of *Matthews v. State*, Okl.Cr., 534 P.2d 366, wherein we quoted from *Cheeves v. State*, 18 Okl.Cr. 480, 196 P. 726, as follows:

". . . It rarely happens that perpetrators of an offense, committed in the manner here proven, can be shown by witnesses who saw and recognized the defendants in the act, and resort must therefore ordinarily be had to circumstantial evidence."

And the Court also quoted from *Logan v. State*, Okl.Cr., 493 P.2d 842, to-wit:

"While much of the evidence is circumstantial, this Court has often held a criminal case may be proved circumstantially and reasonable inferences drawn therefrom have the same probative effect as direct testimony. *Young v. State*, Okl.Cr., 373 P.2d 273. Additionally, circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. *Bailey v. U. S.*, 410 F.2d 1209 (10th Cir.1969). And finally, it is the exclusive province of the jury to weigh the evidence and determine the facts. *Jones v. State*, Okl.Cr., 468 P.2d 805, and where there is competent evidence from which the jury might reasonably conclude the defendant is guilty, the case will not be reversed on appeal on a contention that the evidence is not sufficient. *Brewer v. State,* Okl. Cr., 452 P.2d 597."

Since it is the opinion of this Court, upon review of the record, that there was sufficient circumstantial evidence introduced in the trial court to sustain the verdict of the jury, we find the defendant's first assignment of error to be without merit.

Defendant's final assignment of error is that there was an abuse of discretion by the trial court in denying a motion by the defendant for continuance. The defendant bases this contention on the fact he employed an attorney on February 12, 1976, the day upon which the trial had been set, allegedly on the belief there would be a continuance until February 17, 1976. However, no continuance was granted and the defendant asserts that his counsel had insufficient time for preparation. The record shows that the defendant was represented by court-appointed counsel, Public Defender, up to the date set for trial, at which time the defendant retained new counsel.

This Court has established by a long line of authority that motions for continuance are addressed solely to the sound discretion of the trial court, and unless an abuse of such discretion is clearly apparent, denial of continuance will not be disturbed. See *Wimberli v. State,* Okl.Cr., 536 P.2d 945; and *Yeargain v. State*, Okl. Cr., 535 P.2d 693. A review of the record indicates no apparent abuse of discretion. A person who is represented by competent counsel, in this case appointed by the court, is not permitted to change counsel on the day of trial and move for a continuance based upon inadequate time to prepare, and then predicate error on denial of said continuance. We therefore, find this assignment of error to be without merit.

For the above and foregoing reasons, the judgment and sentence of the trial court is *AFFIRMED.*

BRETT, P. J., dissents.

BUSSEY, J., concurs.