Samuel B. LOUDER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–916.

Court of Criminal Appeals of Oklahoma.

Aug. 24, 1977.

**346**

J. Mike Lawter, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Samuel B. Louder, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Payne County, Case No. CRF–76–27, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at twenty-five (25) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Officer Wyatt Gilbert testified that in the early morning hours of January 20, 1976, he was patrolling in the City of Cushing; that at approximately 12:53 a.m., he observed a subject whom he identified in court as defendant, inside the Hamilton TV Sales and Service Building. Defendant was carrying a television toward the front door. He also observed a car parked in front of the store. The car lights were on, the engine was running and the passenger door was open. After Officer Gilbert parked behind this vehicle, he ordered the defendant to come out of the store. Defendant complied with the order and was placed under arrest and handcuffed. The front door of the store had been pried open. He observed a television set in the back seat of the car parked in front of the store.

George Drake, Jr. testified that on January 20, 1976 he was employed as a Cushing police officer. Shortly before 1:00 a.m., he received a radio report from Officer Gilbert. He proceeded to the Hamilton Television Store. Upon arriving at said store, he went to the back door of the establishment. He heard Officer Gilbert yell for someone to come out of the store. He returned to the front and observed the defendant coming out of the store.

Ernie Hamilton testified that he owned and operated the Hamilton TV Sales and Service Store in Cushing and that some time after midnight on January 20, 1976, he went to the store after receiving a telephone call from the police department. He observed that the front door had been broken open and that two television sets had been moved from their usual location. One of the sets was in the doorway and the second set was in the rear of a car parked in front of the building. He identified State's Exhibit Nos. 3 and 4, as the television sets.

Detective Kenneth Criner testified that he investigated the scene on the morning in question. He took custody of a TV set found just inside the door and another TV set found in a car parked outside the store. He maintained the sets in his custody until they were delivered to the court.

The defendant did not testify, nor was any evidence offered in his behalf.

After the jury returned a verdict of guilty to the first page of the Information, the State introduced a judgment and sentence pronounced against a Samuel Louder (State's Exhibit No. 5), and two judgments and sentences pronounced against a Samuel B. Louder (State's Exhibit Nos. 6 & 7).

The State then rested and the defendant demurred to the evidence presented, which was overruled, and the defendant offered no evidence in his behalf.

■ Defendant asserts, in his first assignment of error, that the trial court erred in denying his Motion for Continuance. The motion was based on the fact that defendant had employed privately retained counsel three days prior to the scheduled date of trial and that the new counsel did not have adequate time to prepare for trial. We are of the opinion that the trial court did not abuse its discretion in denying defendant's motion. The record reflects that the defendant had been previously represented by competent court-appointed counsel. The trial court overruled the court-appointed counsel's Motion to Withdraw and defendant was represented at trial by both counsel. In dealing with a similar proposition in *Gossett v. State*, Okl.Cr., 553 P.2d 215 (1976), we stated:

". . . A person who is represented by competent counsel, in this case appointed by the court, is not permitted to change counsel on the day of trial and move for a continuance based upon inadequate time to prepare, and then predicate error on denial of said continuance. . . ."

We, accordingly, find this assignment of error to be wholly without merit.

■ Defendant contends, in the second assignment of error, that the trial court erred in remanding the case for further preliminary hearing after he had permitted the State to amend the Information by alleging former convictions. The provisions of 22 O.S.1971, § 304, are as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

In the instant case the amendments to page two of the Information were made prior to defendant's plea of not guilty; therefore said amendments were timely made in accordance with 22 O.S.1971, § 304. Furthermore, defendant neither alleges delay of trial resulting from such amendments, nor does the record reveal such delay.

■ The amendments being properly made, the question next before us is whether or not the trial judge followed the proper procedure in remanding the cause for further preliminary hearing as was done in the case at bar, following the amendments to the Information. Under the Oklahoma Constitution, Art. II, § 20, ". . . [an accused] shall be informed of the nature and cause of the accusation against him and have a copy thereof . . .," and 22 O.S.1971, § 253 provides a preliminary hearing for the benefit of the State and the accused. See, *Beaird v. Ramey*, Okl.Cr., 456 P.2d 587 (1969).

In *Carter v. State*, Okl.Cr., 292 P.2d 435, 440 (1956), citing from a Michigan case, we stated:

" 'Without proof of former conviction at preliminary examination, no averment thereof can be made in information, and conviction based on second offense cannot be sustained.' "

It should further be noted that in *Carter*, at page 439, we stated and reaffirm today:

348

". . . This holding [requiring proof of former conviction at preliminary hearing] will not work undue hardship upon the state in this age of rapid communication . . . rap sheets, and fingerprint identifications readily available to the prosecutor, nor will later acquired knowledge of prior conviction handicap the state. *Of course it may cause some delay in the administrative process requiring the filing of a new or amended complaint. . . .*" [Emphasis added]

Remanding the case for the limited purpose of producing evidence of prior convictions would seem to be the most practical method of giving the defendant an opportunity to be apprised of and to question the validity of the former convictions prior to arraignment. It would be an effort in futility to require the State to commence a new preliminary hearing and offer evidence as if a preliminary had never been conducted. We find the conduct of the trial judge substantially complies with the letter and spirit of the Constitution and the laws of Oklahoma and the defendant was not prejudiced thereby.

■ In his third assignment of error the defendant contends that he was prejudiced by inflammatory statements, inflammatory evidence, and unreasonable bond and was thereby precluded from having a fair and impartial trial. He first argues that the prosecuting attorney made inflammatory statements in his closing argument. The defendant objects to the statement made by the prosecutor, in closing argument, in the first stage of the trial. We note that the trial court sustained the defendant's objection to the remark in question, although the defendant's objection lacked sufficient specificity. Further, the trial court admonished the jury to disregard the remarks in question, although the request by the defendant was not timely. A review of the transcript reveals that it is questionable whether or not the statement objected to by the defendant amounted to error. However, if error at all, it was clearly cured by the court's admonition. This Court stated in *Price v. State*, Okl.Cr., 546 P.2d 632 (1976):

". . . The court's admonition to the jury not to consider the remarks of counsel, or a witness, usually cures an error unless it is of such nature, after considering the evidence, that the error appears to have determined the verdict. . . ."

■ The defendant also objected to comments made by the prosecutor in closing argument during the second stage of the trial, appearing at page 181 of the trial transcript, as follows:

"* * *

"He likes to burglarize things. He likes to take things. And I'll suggest for you that in the way we run our society, there's no room for such conduct."

Clearly, in view of the fact that these comments were made during the second stage of the trial during which evidence of prior convictions was properly before the jury for enhancement of punishment, this was a reasonable inference to be drawn from evidence showing prior convictions for Burglary in the Second Degree. We find this assignment of error to be without merit.

■ Defendant next asserts that the "television set was not properly identified and was shown to the jurors without any foundation and testified about without proper court procedure being used." We are of the opinion that this contention is patently frivolous. It is readily apparent that the testimony complained of was the proper method of laying the predicate for the identification of the television sets which were subsequently introduced into evidence.

■ The final proposition, under this assignment of error, is that the trial court set unreasonable bonds for the purpose of keeping "the defendant locked up so he could not retain counsel and help prepare himself for the case in the appeal at hand." We need only observe that this Court has previously considered the question of excessiveness of defendant's bonds in Cases H–76–397 and H–76–434. Inasmuch as we have previously found that defendant's bonds were not excessive, we likewise find this proposition to be without merit.

■ The defendant's fourth and final assignment of error is that the Demurrer should have been sustained to the second page of the Information. Defendant first argues, under this assignment of error, that the State did not prove that the defendant was one and the same as the defendant named in the judgment and sentence. We disagree. The prosecuting attorney introduced three certified copies of judgments and sentences showing that a person named Samuel Louder or Samuel B. Louder had previously been convicted of a felony. In *Williams v. State,* Okl.Cr., 364 P.2d 702 (1961), in the first paragraph of the Syllabus, we stated:

"In regard to proof of former conviction under the Habitual Criminal Act, 21 O.S.(1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission."

See, also, *State v. Frazier,* Okl.Cr., 563 P.2d 656 (1977); *Patton v. State,* Okl.Cr., 535 P.2d 313 (1975); *Sessions v. State,* Okl.Cr., 494 P.2d 351 (1972); and *Haughey v. State,* Okl.Cr., 447 P.2d 1019 (1968).

■ Defendant next alleges that the State failed to prove that the defendant was represented by counsel in all of the judgments and sentences admitted into evidence. The judgments and sentences admitted from Lincoln and Oklahoma Counties affirmatively show, on their face, that the defendant was represented by counsel. However, the judgment and sentence from Cleveland County does not specifically so state and while the court minute attached to this judgment and sentence indicates that the defendant was represented by counsel, there is no indication that said counsel was present when the defendant plead guilty.

We note that the judgment and sentence in question was pronounced in 1961, but it is only one of these and the remaining two judgments and sentences were issued in 1967. Furthermore, the error alleged by the defendant occurred in the second stage of the trial and, therefore, did not affect the determination of guilt or innocence. We further note that even considering only two prior burglary convictions, a sentence of twenty-five years is not excessive in view of the possible range of punishment. Therefore, we find that the admission of the 1961 judgment and sentence neither resulted in a miscarriage of justice, nor constitutes a substantial violation of a constitutional or statutory right. See 20 O.S. 1971, § 3001.

■ Defendant lastly contends that introducing the judgments and sentences which stated "after a former" on their face, allowed the jurors to infer that there were more than three previous convictions. We are of the opinion that the use of said judgments and sentences was not improper. The pertinent part of 21 O.S.1971, § 51, provides as follows:

"Every person who, having been convicted of *any offense* punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows: . . . ." [Emphasis added]

We would further observe that the jury was not prejudiced against the defendant inasmuch as the District Attorney recommended to the jury that the defendant be sentenced to thirty years' imprisonment and the jury's verdict was only twenty-five years.

Therefore, finding no error which would justify either reversal or modification, we find the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BRETT, J., concurs.