**Donald Ray SANDERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–138.**

Court of Criminal Appeals of Oklahoma.

June 12, 1980.

**1364**

Mary Ann Fairlamb, Talihina, Donald J. Sullivan, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Mary Kathleen Rhodes, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant was convicted of two counts of Robbery With Firearms, Case No. CRF–75–148, in the District Court of LeFlore County, Oklahoma. His two sentences of twenty-five (25) years each were imposed to run consecutively.

The evidence established that Charles and Ruth Lyons were robbed by two gunmen in their home in Poteau on August 19, 1975. After both were bound, the two men ransacked their home, took in excess of $3,000.00 and certain firearms, then escaped in the victims' 1974 Thunderbird, license tag number LE–1000.

The next day an Arkansas Highway Trooper located the Thunderbird and followed it to a private drive in front of a barn. Although he lost track of its occupants, he found several shotguns and rifles in the trunk of the car. Later that same day, the appellant and another man were apprehended two to three miles from the abandoned car, and the arresting officers found over $3,000.00 on the appellant's person. Several coins and bills were specifically identified by Mrs. Lyons as hers from marks she had put on them for identification.

The appellant's defense provided that he had spent the evening of August 19, 1975, in a Poteau bar and that he had associated with the co-defendant in this crime only after the armed robbery when the co-defendant, an acquaintance of his, came into the bar and persuaded him to go to Arkansas with him. The co-defendant was tried separately.

The first and fifth allegations of error are concerned with the trial court's denial of the appellant's motions regarding either a continuance or permission for withdrawal by his attorney Don Sullivan due to health and the refusal by the trial court to allow attorney Mary Fairlamb to withdraw. In addition, the appellant's pro se motion for a continuance was denied.

At the hearing of October 31, 1977, court appointed defense counsel Sullivan presented a physician's letter verifying his illness as severe joint pain. The letter is not in the record. The appellant himself asked the court to grant him a continuance so that he could retain private counsel, which he supposedly believed either he or his family had done. Defense counsel Fairlamb, also court appointed, moved for permission to withdraw on the basis of the appellant's lack of confidence in her. However, the judge found that the appellant was adequately represented by the two attorneys, both of whom had ably represented the appellant in a prior trial on the same charges. The motion for a continuance due to illness as to Mr. Sullivan was overruled, but the trial was passed two days so that Mrs. Fairlamb could issue subpoenas for defense witnesses.

A motion for a continuance due to illness is granted or denied at the sound discretion of the court, and failure to do so will only be error when that decision reflects clear abuse. *Hill v. State*, Okl.Cr., 567 P.2d 516 (1977). This same standard would apply to co-counsel's motion to withdraw for failure of the appellant to exhibit confidence in her ability. This Court has carefully reviewed the record and finds that it clearly supports the decision of the trial

court. Therefore, there is no merit to these proposed errors. See *Thompson v. State*, Okl.Cr., 462 P.2d 299 (1969); *Saumty v. State*, Okl.Cr., 503 P.2d 571 (1972); and *Louder v. State*, Okl.Cr., 568 P.2d 344 (1977).

Propositions two and three are also sufficiently interrelated to merit their consideration as one. In the first, the appellant alleges that the trial court's admission of witness Charles Lyons' identification of the appellant was improper because of a tainted pretrial identification; second, it is alleged that the court erred by sustaining a motion in limine by the State to prevent testimony by witness John Mahorney regarding a misidentification of Mahorney by these same two victims following an earlier robbery.

At the October 31 hearing, the appellant filed a motion in limine to prevent the in court identification of the appellant by both Mr. and Mrs. Lyons, but it was overruled as to Mr. Lyons. The gravamen of the complaint is that Mr. Lyons' identification of the appellant was tainted by an unconstitutional procedure the day following the crime. However, the fallacy of this argument appears when the evidence reveals that Mr. Lyons testified that he would be unable to identify anyone other than the co-defendant at the co-defendant's preliminary hearing, a little more than one month after the robbery. The appellant was not present at that hearing. What is apparent, though, is that Mr. Lyons was inconsistent in his identification of the appellant. He was unable to identify the appellant at the September 24, 1975, preliminary hearing, which was held after the allegedly unconstitutional pretrial identification procedure. At that hearing, the witness said that he had not seen the appellant on the night of the robbery. At trial, he indicated that he had been wrong at the preliminary hearing. Furthermore, he explicitly stated that he had seen the appellant's newspaper photograph at the time of the arrest.

■ We cannot agree with the defense that this testimony was therefore improperly admitted. Had these problems with identification resulted from an unconstitutional pretrial procedure by the State, the admission of related testimony may have been error. See *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); and *Green v. State*, Okl.Cr., 594 P.2d 767 (1979).

■ On the contrary, the evidence reflects a questionable identification based, not on an unconstitutional pretrial procedure, but on the witness' own confusion and possible reliance on a newspaper photograph. The facts were well developed by defense counsel so that the jury could assess the reliability of Mr. Lyons' identification.

■ It is also the appellant's contention that the trial court erred in sustaining the State's motion in limine to prevent defense witness John Mahorney from testifying. The court's ruling was based upon its opinion that Mahorney's testimony was irrelevant due to its remoteness in time. A hearing was held, out of the presence of the jury, at which both Mahorney and Officer Bill Seale testified. Mahorney testified that he and his brother had been misidentified "a couple of years ago" by Mr. and Mrs. Lyons as having robbed them at their home. That would place the incident at about the same time as the robbery in the case at hand. Officer Seale then testified that police records indicated that the misidentification of witness Mahorney had taken place one year prior to the instant robbery.

The State argues that the incident is too remote in time, is not related to the current crime, could confuse the jury into believing that the misidentification went to the same robbery for which the appellant was on trial, and that the misidentification of Mahorney was made only by Mrs. Lyons. The appellant argues that the misidentification goes to Mr. Lyons' credibility and that he, as well as his wife, misidentified Mr. Mahorney.

The record of the in camera hearing reveals that there was probably a misidentification of Mahorney by both Mr. and Mrs. Lyons. Furthermore, the State proved that it could prevent the jury from confusing

the dates of the two separate incidents with the testimony of Officer Seale. Also, the appellant's argument that the testimony would directly reflect on the witness' credibility is well taken. However, the incident was remote in time. This Court must conclude, therefore, that the trial court was obligated to exercise its discretion in determining the relevance of this evidence, that its admission was not clearly proper, nor improper, and that the appellant has failed to demonstrate any abuse by the court in its determination to exclude it.

■ Finally, we examine alleged error number four, in which the appellant contends that the information upon which the State proceeded was fatally defective according to Oklahoma statutes. He says that it was improper for him to be charged with two offenses of robbery with firearms in one information. The appellant is asserting that he did not consent to such joinder and was prejudiced thereby, citing *Kramer v. State*, 97 Okl.Cr. 36, 257 P.2d 521 (1953). He further points out that 22 O.S.1971, § 404, provides that an indictment or information must charge but one offense, except that two or more offenses may be set forth in separate counts. The appellant maintains that the information forced him to defend himself against two separate offenses simultaneously. It is the State's position that the information was not defective because it contained two counts: (1) the appellant robbed Mr. Lyons; and (2) the appellant robbed Mrs. Lyons.

This proposition is without merit, especially in light of the fact that this Court, in *Dodson v. State*, Okl.Cr., 562 P.2d 916 (1977), determined that 22 O.S.1971, § 436, et seq., was controlling over 22 O.S.1971, § 404. In the special concurrence in *Dodson*, the majority of this Court interpreted 22 O.S.1971, § 436, Laws 1968, c. 311, § 1, as authorizing "the joinder of two or more defendants in the same indictment or information; [authorizing] the joinder of counts in the same indictment or information; and [authorizing] the joinder for trial of two or more indictments or informations, or both." Furthermore, *Dodson* concluded that, insofar as there was any conflict, 22 O.S.1971, § 436, repealed 22 O.S.1971, § 404, wherein an indictment or information is limited to one offense. In *Chaney v. State*, Okl.Cr., 612 P.2d 269 (1980), we held that the joinder under these statutes lies within the discretion of the trial court.

The judgment and sentence is, accordingly, *AFFIRMED*.

CORNISH, P. J., concurs in results.

BUSSEY, J., concurs.