Oma Dixon CLAUNCH, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17638.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1972.

J. Edward Oliver, Atoka, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Oma Dixon Claunch Jr., here-inafter referred to as defendant, was convicted in the District Court of Atoka County, Case No. CRF–71–91, with the offense of escaping from the state penitentiary and sentenced to seven (7) years imprisonment. The judgment and sentence was imposed on June 20, 1972, and this appeal perfected therefrom.

It was charged by information that on October 4, 1971, the defendant escaped from the Vocational Training School in Atoka County, which is a unit of the Oklahoma State Penitentiary where defendant was confined to serve a life sentence for the crime of murder. Three employees of the State Penitentiary testified and established that the defendant, while an inmate of the penitentiary had escaped on October 4, 1971, and was apprehended about seven (7) miles from the Vocational Training School. There was no contradictory evidence.

The defendant contends that it was error for the jury to be advised that he had been incarcerated for the offense of murder; that the prosecutor's closing argument was inflammatory and prejudicial; that it was error for the trial court to compel the defendant to be tried in prison clothing; that his civil rights were violated when he was prevented from conferring with his attorney; and that the sentence was excessive.

The defendant argued that it was improper for the information to be read to the jury disclosing that he had been incarcerated for the crime of murder; that it was improper for the prosecutor in his opening statement to mention that the defendant had been incarcerated for murder; and that it was improper for witnesses to testify as to defendant's imprisonment for murder. The defendant objected during the trial to the disclosure of the exact offense for which he was incarcerated on the theory that "When a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or subsequent to the offense for which he is on trial is inadmissible." Epperson v. State, Okl.Cr., 406 P.2d 1017,

1019. Defendant further cites Baeza v. State, Okl.Cr., 478 P.2d 903, in which it was held that in a prosecution of a convicted felon for carrying a firearm, that the former conviction should not be alleged or introduced until after the jury had found the accused guilty of carrying a firearm.

The rule of the *Baeza* case is inappropriate in a prosecution for escape from the penitentiary in violation of 21 O.S. 1961, § 443. This statute provides:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto, who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment for a term of not less than two (2) years or more than seven (7) years."

This Court has previously held that in a prosecution for a violation of Section 443, "it is incumbent upon the state to set forth the reasons and grounds for which a defendant is legally incarcerated in the penal institution." Conway v. State, Okl.Cr., 483 P.2d 350, 352 (1971). Therefore, we do not find that it was error for the jury to be advised as to the reason for the defendant's confinement in the penal institution from which he escaped.

It is defendant's second contention that the closing argument was prejudicial in that the prosecutor argued to the jury that any inmate after his escape might inflict damages or injury upon the public. We find that there was no objection to this remark of the prosecutor or motion to exclude such statements from consideration of the jury. It is a familiar rule of this Court that where there is no objection during the trial and exception to the ruling of the court the issue has not been preserved for consideration on appeal. Lewis v. State, Okl.Cr., 433 P.2d 854. Furthermore, we do not feel that this remark was so unwarranted an inference upon the evidence as to constitute error.

It is defendant's third assignment that it was error for the court to deny his motion to be provided with proper clothes for trial and that he was thus prejudiced by being forced to trial while wearing prison clothing. It is true and we held in Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273, 279, that such a request of the defendant is reasonable and should be granted since, "[h]owever apparent the guilt of the defendant might have been, he is still clothed with the presumption of innocence and is entitled upon his trial to wear his civilian clothes."

In the instant case, however, the trial court overruled defendant's motion saying that the defendant was wearing ordinary tan khaki clothes which did not have a prison number or other identification mark which would indicate they were prison apparel. Since the defendant was tried while wearing ordinary khaki clothing which bore no prison mark or identification we find that the trial court did not abuse its discretion in denying defendant's motion and concluded there was no error in this regard.

It is defendant's fourth assignment that the defendant's "civil rights" were violated when he was prevented from conferring with his attorney. Defendant's counsel alleges in his brief that defendant and his trial counsel "were prevented from consulting each other by threat of physical force by Mr. Kenneth Majors, an employee of the State Penitentiary." However, there is nothing in the record before this Court which indicates that this event actually occurred during the defendant's trial. We are of course limited to the record provided on appeal. To preserve an issue for consideration on appeal there must be an objection made during the trial with exceptions taken and sufficient record to allow consideration of the alleged error. Lewis v. State, supra. Since there is nothing in the record to allow consideration of defendant's contention that he was on one occasion not allowed to confer with his attorney, we are unable to resolve this issue and therefore find that this assignment is without merit.

 

It is defendant's final contention that the sentence is excessive and should be modified. Defendant refers to no specific grounds which would require modification of the sentence imposed. The term of imprisonment assessed was within the range provided by law. 21 O.S.1961, § 443. Although it was the maximum sentence allowable under the statutes we find no reason to modify the sentence. Accordingly the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and SIMMS, J., concur.