**Rolland ROQUEMORE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–18207.**

Court of Criminal Appeals of Oklahoma.

Aug. 27, 1973.

Shoemake & Briggs, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

## OPINION

BRETT, Judge.

This is an appeal from the District Court of Kay County, Oklahoma, in which appellant, Rolland Roquemore, who will hereinafter be referred to as defendant, was convicted by a jury in Case No. CRF–72–21, on October 4, 1972, for the offense of Distribution of Marijuana. Judgment and sentence was imposed on October 30, 1972, wherein defendant was sentenced to serve two (2) to five (5) years imprisonment, and payment of a fine of One (1) Dollar. From that judgment and sentence this appeal has been perfected.

Defendant offers only one proposition of error which asserts that prejudicial error was committed when the prosecution was allowed to cross-examine defendant

concerning the contents of certain letters defendant had written to a person in California. Insofar as this conviction must be reversed and remanded for a new trial, it is not necessary that all the facts be related, except to state that defendant allegedly sold a quantity of marijuana to one Oscar Neal Fortune, Jr., on February 10, 1972. Fortune admitted from the witness stand that he had also sold marijuana; and that the police had agreed not to prosecute him if he would make buys of marijuana from other people to facilitate their prosecution. The substance allegedly sold was identified as being marijuana. Defendant denied the illegal sale, but nonetheless the jury convicted defendant.

Defendant offered the testimony of his mother, father, and brother, who testified to the best of their knowledge defendant did not use drugs of any kind. Defendant also testified in his own behalf and denied that he sold the marijuana to Fortune, and also denied that he smoked marijuana.

On cross-examination the prosecutor inquired of defendant concerning three letters he had written to Margret Sharpe, who lived in California. The letters were introduced, over defendant's objection, as Exhibits 5, 6, and 7. The prosecutor argued that he was using the letters to impeach the testimony of defendant's other witnesses, as well as defendant's credibility, and was permitted to go into their contents in complete detail. Exhibit 5 contained a "P.S." which assertedly referred to "super acid," and notwithstanding the fact that defendant answered that the comment "was a joke between me and her," the prosecutor was permitted to pursue his questioning on this collateral matter, until defendant was required to identify "acid" as being L.S.D. The prosecutor inquired, "A personal joke. What is acid?" and over defendant's objection, defendant answered, "I believe it is some sort of dope; some sort of drug." The prosecutor continued, "Is it L.S.D.?" Defendant answered, "I wouldn't know." Later the prosecutor quoted from the letter introduced as Exhibit 7, "I hope you like this acid I am sending you. . . . What did you mean by that?"

All references to L.S.D. were collateral to the issue pertaining to the sale of marijuana on February 10, 1972, and was of no probative value to the charge confronting defendant. The examination concerning the three letters, wherein they did not pertain to marijuana, was beyond the scope of direct examination and related to offenses for which defendant was not on trial. Such evidence was collateral, irrelevant, and inadmissible on the charge for distribution of marijuana. The only effect it could have had was to prejudice defendant in the eyes of the jury.

This Court stated in Brown v. State, Okl.Cr., 487 P.2d 963, 965:

"On prosecution for a particular crime, evidence which in any manner shows or tends to show that accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. Hall v. State, 67 Okl.Cr. 330, 93 P.2d 1107 (1939). Turnbow v. State, Okl.Cr., 451 P.2d 387 (1969)."

In the instant case, the prosecutor did not limit the use of the letter to aspects concerning the possession or use of marijuana; but instead he continued to pursue other aspects related to other different and distinct offenses for which defendant was not on trial, nor for which defendant had been previously convicted. These matters inquired into by the prosecutor could have had no other effect than to prejudice the jury to prevent defendant's receiving a fair trial on the issues pertaining to the sale of marijuana.

This Court stated in Smith v. State, Okl.Cr., 453 P.2d 307, 309 (1969):

"While it is proper cross-examination of a defendant, who takes the witness stand in his own defense, to go into collateral matters for impeachment purposes, the prosecutor is bound by the defendant's answers and they are conclusive unless

the prosecutor can prove them to be otherwise. However, notwithstanding the fact that the prosecution has great latitude in cross-examination, there are limits to which it is permitted to go. And, when it clearly appears that the questions asked create prejudice in the minds of the jury, the limits of proper cross-examination have been exceeded. See: Davis v. State, [Okl.Cr., 413 P.2d 920 (1966)]; and Wharton's Criminal Evidence, 12th Edition, Volume 3, §§ 860 and 866, cited therein."

Notwithstanding the prosecutor's contention that the purpose for referring to the letters was "impeachment," little doubt exists that they likewise served a prejudicial purpose.

■■■ It is true that evidence of other crimes may be admissible if it comes within one of the exceptions where it establishes motive, intent, absence of mistake or accident, or a common scheme embracing the commission of two or more crimes, but none of the testimony offered in this case appears to fall within any of those exceptions. See: Young v. State, Okl.Cr., 446 P.2d 79 (1968).

■■■ We observe also that the trial court did not give a cautionary instruction pertaining to the informer's testimony. Notwithstanding the fact that the informer's testimony was corroborated, some discrepancy existed in the items turned to the officers on the night of February 10, 1972, by Oscar Fortune, Jr.; and certain areas of uncertainty existed with reference to the visibility of the officers, when defendant entered Fortune's automobile. Consequently, it appears that better judgment would dictate that a cautionary instruction be given, when the informer stands to gain by his testimony. In the instant case, Oscar Fortune, Jr. was being granted immunity in exchange for his serving as an informer.

We observe also that the letters introduced into evidence were not included in the record for appeal, even though defendant designated the entire record for appeal. Insofar as excerpts were referred to in the transcript of testimony, it is impossible to evaluate whether or not the statements were taken out of context. Copies of those letters should have been included in the record for appeal.

■■■ It is also noted that the prosecutor was permitted to go too far in his closing argument, over defendant's objection, when he entered into his discussion of the punishment and its relationship to the Pardon and Parole Board. The prosecutor stated, "What the legislature has told us what the law is and you don't have to fix an 'x' number of years. You can give him an indeterminate sentence of from 2 to 5 or from 2 to 10, 2 to 6, or 2 to 7, whatever you think. He would have to serve the minimum, but then it would be up to the Pardon and Parole Board to figure out is this person reformed?" This type of argument was improper and should not be permitted. See Herandy v. State, Okl.Cr., 487 P.2d 1368 (1971).

Therefore, after considering the record for appeal in this case, and the highly prejudicial nature of the prosecutor's questions on a purely collateral matter, and the prosecutor's improper closing argument, we believe that justice will be better served by granting defendant a new trial. It is therefore ordered that this conviction be reversed and remanded for a new trial.

BLISS, P. J., and BUSSEY, J., concur.