Joe Ticy **PICKENS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. PC–74–745.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1975.

Greg Shanahan, Moore & Shanahan, Atoka, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

### OPINION

BLISS, Presiding Judge:

Appellant, Joe Ticy Pickens, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Escaping From a State Prison, 21 O.S.1971, § 443. His punishment was fixed at seven (7) years imprisonment; from said judg-ment and sentence no regular appeal was taken to this Court. Thereafter, application was made in the District Court for Post Conviction Relief and from a denial of said application, defendant has perfected a timely appeal to this Court.

At the trial Mr. Orville Barnes, an employee of the Records Department of the Oklahoma State Penitentiary located at McAlester, Oklahoma, identified State's Exhibit No. 1 as a judgment and sentence on a plea of guilty for Joe Ticy Pickens. He testified the judgment and sentence was entered on December 11, 1969 and that the sentence was for a period of five (5) years. On November 19, 1970, Barnes testified that defendant was serving time under that judgment and sentence.

C. B. Stringer testified that he was an employee for the prison system assigned to the McLeod Honor Farm, in Atoka County. He related that on November 19, 1970, Joe Ticy Pickens was a prisoner at the McLeod Honor Farm, a branch of the Oklahoma State Penitentiary. He identified Pickens and further related that at approximately 3:30 p. m. an evening count revealed one prisoner was missing. Stringer stated that defendant was the missing prisoner. After determining the defendant was missing, they searched the grounds and did not find defendant thereon. He learned later that Pickens was apprehended in Tulsa, Oklahoma.

Mr. Hayden McCasland, Deputy Warden at the McLeod Honor Farm, testified that on November 19, 1970 he was employed as the captain in charge of that unit. On that date he was absent from the unit with Mr. C. B. Stringer being in charge. McCasland related that he did not give the defendant permission to leave the farm and further related that upon his return he learned that defendant was missing. He stated defendant never returned to the farm following that date.

Thereafter the State and defense rested.

Defense counsel urges in his sole proposition of error that the evidence is insufficient to sustain the jury's verdict for

the reason the defendant was not specifically identified by Mr. Barnes at the trial as the same Joe Ticy Pickens as the Joe Ticy Pickens represented in the judgment and sentence. In support of this argument counsel submits the rule recited in Claunch v. State, Okl.Cr., 501 P.2d 850 (1972) which generally sets forth that it is incumbent upon the State in a prosecution for escape to set forth the reasons and grounds for which defendant is legally incarcerated in the institution from which he is alleged to have escaped. It is an accepted rule that this proof is satisfied by the introduction of the judgment and sentence upon which defendant was serving time at the time he was alleged to have escaped. Defense counsel by analogy urges the language in Baker v. State, Okl.Cr., 432 P.2d 935 (1967) which states that the proof of a former conviction in support of the allegations in the second page of an Information of an offense alleged after former convictions must satisfy the rule "It is necessary for the identity of the accused to be established as one and the same person as that person convicted of the prior offense." We do not disagree with defense counsel's assertion that the proof must sustain the person alleged to have escaped must be identified as the same person incarcerated under the judgment and sentence introduced at the trial as basis for showing the grounds of his incarceration. In the case of Williams v. State, Okl.Cr., 364 P.2d 702 (1961), however, we held in the first paragraph of the Syllabus:

"In regard to proof of former conviction under the Habitual Criminal Act, 21 O.S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission."

We observe that the same application of the above rule should be made in the instant case. The evidence adduced at the trial is sufficient circumstantial evidence to show the defendant is the same person represented in the Information introduced as State's Exhibit No. 1. First, this exhibit is captioned with identically the same name as defendant's. Secondly, the confinement dates testified to by the records' clerk indicate that that person represented in the Information was still within the custody of the Department of Corrections. Thirdly, a witness from the McLeod Honor Farm testified that on the above mentioned date Joe Ticy Pickens, the defendant, was incarcerated at that division of the institution. We find that these circumstances are sufficient circumstantial evidence to identify defendant as the same person as that person represented in the Information introduced as State's Exhibit No. 1. For this reason we find the evidence is sufficient to support the jury's verdict and the District Court's order denying Post Conviction Relief and sustaining the judgment and sentence accordingly should be affirmed.

BRETT and BUSSEY, JJ., concur.