Herman **MACK**, a/k/a Herman Eugene Mack, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–751.

Court of Criminal Appeals of Oklahoma.

May 7, 1975.

Greg Shanahan, Moore & Shanahan, Atoka, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jim Patton, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Herman Mack, a/k/a Herman Eugene Mack, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Atoka County, Case No. CRF–73–88, of the offense of Escape From a State Penitentiary, in violation of 21 O.S.1971, § 443. His punishment was fixed at a term of two (2) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Robie Battles testified he was employed as Assistant Records Clerk at the Oklahoma State Penitentiary located at McAlester, Oklahoma. His records reflected that the defendant was confined for the commission of the crime of Rape First Degree, After Former Conviction of a Felony, and was serving a sentence of Life from Tulsa County. He identified State's Exhibit No. 1 as a document to be a judgment and sentence of Herman Mack, a/k/a Herman Eugene Mack for Rape First Degree, After Former Conviction of a Felony. Battles further testified he had a photograph of the defendant in his possession which was taken at the Oklahoma State Penitentiary.

Ray Williams, Supervisor at the McLeod Honor Farm, testified that as he was leaving the dormitory at approximately 5:15 a. m. on November 14, 1973, he observed a truck leaving the compound. Thereafter the warden, Hayden McCasland, was notified and a count was made of the inmates.

Hayden McCasland, Superintendent of the McLeod Honor Farm, testified that on November 14, 1973, three inmates escaped from the honor farm. He identified the defendant as one of the three inmates who had escaped. The three inmates accomplished their escape by "hot wiring" a 1968 Chevrolet pickup that belonged to an employee who worked at the honor farm.

Pete Anderson testified he was employed as a Correction Officer at the McLeod Honor Farm. In this capacity he took care of the blood hounds which were used to trail escapees. He began his search for the three escapees at the Atoka High School. The defendant was apprehended on the same day that he escaped. He was taken into custody at a location one block south of Oklahoma State Highway 3 and east of Atoka approximately 28 miles from the honor farm. He was the officer who recognized the defendant and effected his arrest.

The State then rested.

Billy Joe McQuarters testified that he was currently incarcerated at the Mc-Alester State Penitentiary. He escaped at the same time as the defendant. The defendant was not present at the time plans were made to escape. He stated that he convinced the defendant to leave the prison. McQuarters further testified that approximately four miles from Atoka the defendant wanted to be let out of the pickup so that he could return to the prison before he was missed. Subsequently, the defendant was let out in Atoka near a dead end street.

Eugene Monroe testified he was presently incarcerated at the McAlester State Penitentiary. He escaped from the Mc-Leod Honor Farm with Billy Joe Mc-Quarters and the defendant. The escape was planned without the aid of the defendant. The defendant was let out of the pickup in Atoka.

■ The defendant's first proposition of error asserts that the trial court erred in admitting a purported judgment and sentence of the defendant for the reason that the defendant was not properly identified as the same Herman Mack, a/k/a Herman Eugene Mack as that represented in the judgment and sentence. In support of this argument, counsel submits the rule recited in Claunch v. State, Okl.Cr., 501 P.2d 850 (1972) which generally sets forth that it is incumbent upon the State in a prosecution

for escape to set forth the reasons and grounds for which defendant is legally incarcerated in the institution from which he is alleged to have escaped. This same contention was answered in the recent case of Pickens v. State, Okl.Cr., 530 P.2d 1369 (1975), wherein this Court stated:

"It is an accepted rule that this proof is satisfied by the introduction of the judgment and sentence upon which defendant was serving time at the time he was alleged to have escaped. Defense counsel by analogy urges the language in Baker v. State, Okl.Cr., 432 P.2d 935 (1967) which states that the proof of a former conviction of an offense alleged after former convictions must satisfy the rule 'It is necessary for the identity of the accused to be established as one and the same person as that person convicted of the prior offense.' We do not disagree with defense counsel's assertion that the proof must sustain the person alleged to have escaped must be identified as the same person incarcerated under the judgment and sentence introduced at the trial as basis for showing the grounds of his incarceration. In the case of Williams v. State, Okl.Cr., 364 P.2d 702 (1961), however, we held in the first paragraph of the Syllabus:

" 'In regard to proof of former conviction under the Habitual Criminal Act, 21 O.S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the abence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission.'

"We observe that the same application of the above rule should be made in the instant case."

Defendant's second proposition of error asserts the District Attorney committed reversible error in his closing argument to the jury when he advised the jury that the defendant would be eligible for parole in 15 years.

The record reveals the following complained of closing argument by the District Attorney:

"The Counsel said to you—this gentleman is in prison for life—what else is there? What counsel failed to tell you is that he is eligible for parole in fifteen years—"

This type of argument is improper and should not be permitted. See, Roquemore v. State, Okl.Cr., 513 P.2d 1318 (1973), and Herandy v. State, Okl.Cr., 487 P.2d 1368 (1971). However, in the instant case, due to the overwhelming evidence of guilt and due to the fact that the defendant received the minimum punishment provided by law, it is our opinion that any error was harmless and is not sufficient to require reversal of this case.

Judgment and sentence is affirmed.

BLISS, J., concurs.

BRETT, P. J., concurs in results.