Joey Greg PHILLIPS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–384.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1980.

Rehearing Denied Jan. 29, 1981.

Dean E. Warren, Hamilton, McBee & Warren, Poteau, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, while a juvenile, was charged, certified, and convicted in 1978 of Grand Larceny in LeFlore County, Case No. CRF–77–205. He received a two (2) year suspended sentence which was later revoked. While serving this sentence he escaped from confinement, was convicted of escape, in Case No. CRF–78–112, and received an additional two (2) year sentence. Thereafter, this Court voided the appellant's grand larceny conviction.[1]

On appeal from his escape conviction, the appellant first argues that he was not being held in "lawful custody". He is correct in asserting that "lawful custody" must be shown in order to sustain an escape conviction. See *McCoy v. State*, Okl.Cr., 536 P.2d 1309 (1975); *Brinlee v. State*, Okl.Cr., 543

---

1. See this Court's order in *Phillips v. State*, Okl.Cr., (PC–78–668, June 19, 1979). The appellant's conviction was declared to be void because the juvenile court in LeFlore County invalidly certified the appellant to be tried as an adult. The certification order was invalid for two reasons. First, proper written notice of the certification hearing was not given, and second, the juvenile court allowed the appellant to stipulate to his nonamenability to rehabilitation. Because no valid waiver by the juvenile court occurred the district court conviction was voided. See *Edwards v. State*, Okl.Cr., 591 P.2d 313 (1979).

P.2d 744 (1975). The appellant is incorrect, however, in maintaining that "lawful custody" did not exist at the time of this escape.

 "Lawful custody" speaks only to the process by which a person has been held or committed. If the process was valid then lawful custody existed. See *Commonwealth v. Miller*, Pa., 2 Ashm. 61 (1835). This does not mean, however, that any defect in the original charge or conviction will justify an escape. See, e. g., *Chapman v. State*, 250 A.2d 696 (Me.1969); *Beaulieu v. State*, 161 Me. 248, 211 A.2d 290 (1965); *Commonwealth v. Nardi*, 185 Pa.Super. 136, 138 A.2d 140 (1958). A prisoner must challenge a conviction through normal trial and appellate channels. Self-help is generally not recognized as a valid method of challenging a conviction.

The right to escape exists only in those extreme cases where confinement is without any authority at all. See, e. g., *State ex rel. McGilton v. Adams*, 143 W.Va. 325, 102 S.E.2d 145 (1958); *People v. Ah Teung*, 92 Cal. 421, 28 P. 577 (1891).

In the appellant's case it is clear that the necessary authority for his confinement was present. The appellant was confined pursuant to a judgment and sentence which appeared to be valid on its face. The existence of the judgment and sentence and its introduction at the appellant's trial for escape was sufficient to show the authority for, and the lawfulness of, the appellant's confinement. See *Pickens v. State*, Okl.Cr., 530 P.2d 1369 (1975). We, therefore, hold that the appellant was held in lawful custody at the time of his escape.

The appellant's second contention is that the district court had no jurisdiction to try him as an adult for the crime of escape. This contention is based on the assumption that an invalid certification order cannot confer jurisdiction on the district court to try a juvenile as an adult and is incorrect. An invalid certification renders a subsequent conviction voidable not void. This is the position we impliedly took in *Edwards v. State*, supra, and which we now expressly adopt.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs in results.

BUSSEY, J., concurs.