**Harry James HALL, a/k/a Zotigh Hall, a/k/a Harry James, Appellant.**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–234.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Harry James Hall, a/k/a Zotigh Hall, a/k/a Harry James, was convicted in the District Court of Muskogee County in Case No. CRF–83–665, of Escape from a Penal Institution for which he received a sentence of three years imprisonment. From this judgment and sentence, he appeals.

The appellant was received as an inmate at the Muskogee Community Treatment Center, classified as a below minimum security level facility. On November 11, 1983, the appellant received a pass including an hour by hour itinerary of the appellant's anticipated activities, which permitted him to leave the center for forty-eight hours. Although the appellant departed the facility as scheduled, he failed to return as scheduled. However, the appellant did call the facility an hour before his scheduled return complaining of car trouble, for which he received a two hour extension of time. When he failed to return, a further extension of time was given, after which escape charges were filed. He was subsequently taken into custody twenty days after his scheduled return time.

In his first assignment of error, the appellant contends that his conviction of the crime of Escape from a Penal Institution was in violation of his right against double jeopardy. It has been well settled by this Court that punishment resulting from both prison disciplinary proceedings and subsequent State court proceedings for escape does not violate either the double jeopardy clause of the Fifth Amendment or Oklahoma's statutory prohibition against double jeopardy. *Boyle v. State,* 569 P.2d 1026 (Okl.Cr.1977). The Legislature has authorized punishment to include both additional incarceration and disciplinary proceedings by prison authorities. 21 O.S. 1981, §§ 443–443a. Therefore, this assignment of error is without merit.

The appellant then contends that improper prosecutorial comments where made during closing arguments which were prejudicial and denied him a right to a fair trial. We note that timely objection to the remarks was not made by appellant at trial, therefore, having not been properly preserved for review, the error has been waived. *McCall v. State,* 539 P.2d 418 (Okl.Cr.1975). Moreover, even if timely objection had been entered, we are of the opinion that no error occurred and that the assignment is without merit.

Next, the appellant argues that the trial court improperly refused to grant his motion for a continuance. This motion was made in hopes of securing witnesses who would testify on behalf of the appellant. These witnesses were subpoenaed but were unaccounted for at trial. Counsel for the appellant was allowed to read to the jury an affidavit signed by the appellant giving a synopsis of the purported testimony of the witnesses. Had the witnesses been present, they would have testified that during the appellant's absence from the facility, he was visiting his son, whose mother had recently died, as well as his ailing uncle. Due to the overwhelming weight of evidence which corroborates the appellant's guilt, it is doubtful that the outcome of the proceeding would have been altered by the presence of the witnesses. Moreover, we have firmly established that a motion for continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a clear abuse of that discretion. *Nobles v. State,* 668 P.2d 1139 (Okl.Cr.1983). Under the circumstances, we cannot say that the trial court abused its discretion. This assignment is without merit.

■ In his fourth assignment of error, the appellant contends that reference to convictions of Rape and Sodomy, for which he was serving sentences prior to his escape, prejudiced the jury in determining his guilt. This Court has previously held that in a prosecution for a violation of 21 O.S. 1981, § 443, "it is incumbent upon the State to set forth the reasons and grounds for which the defendant is legally incarcerated in a penal institution." *Claunch v. State*, 501 P.2d 850 (Okl.Cr.1972). Therefore, it was not error for the jury to be advised of the reason for the appellant's confinement in the penal institution from which he escaped.

■ It is appellant's final contention that the sentence was excessive and should be modified. Appellant's sentence is only one year above the minimum provided by law. *See* 21 O.S.1981, § 443. Upon review of all the facts and circumstances of this particular case, we cannot say that the sentence is so excessive as to shock the conscience of this Court. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983).

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, P.J., concurs in part/dissents in part.

PARKS, Presiding Judge concurring in part, dissenting in part:

In this case at bar, the appellant filed a motion, procedurally correct in all particulars, seeking a continuance due to the absence of witnesses on his behalf. It appears from the record that appellant did all he was required under the law to compel attendance. These missing witnesses would have provided mitigating evidence. I would hold that the trial court erred in refusing to grant the continuance. As this opinion correctly notes, the evidence of guilt was substantial, and the absent witnesses would have provided no exculpatory evidence. However, these witnesses, according to the affidavits filed herein, would have supplied admissible mitigating evidence. For that reason, I would affirm the judgment of the District Court, but modify the sentence to eighteen (18) months imprisonment.