**Joseph Gene GREEN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–85–436.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

Lisbeth McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Joseph Gene Green, was tried and convicted in the District Court of Alfalfa County for the crime of Escape From a Penal Institution in Case No. CRF–84–7 and was sentenced to four (4) years imprisonment, and he appeals. We affirm.

Briefly stated the facts are that on May 22, 1984, appellant, who was incarcerated at the James Crabtree Correctional Center in Helena, failed to report to his work assignment in the maintenance building. On May 24, 1984, appellant was arrested in Oklahoma City, and he was subsequently returned to the institution. At a disciplinary hearing, appellant's earned credits were revoked. At trial, appellant testified that during prison disciplinary proceedings he admitted escaping from prison. He also testified on cross-examination that he was serving a prison sentence for three (3) armed robbery convictions.

For his first assignment of error appellant asserts that during an in-chamber hearing, while the trial judge was discussing the State's plea bargain offer with appellant to insure that he understood the offer, the trial judge made certain statements [1] which affected appellant's decision to go to trial. We have reviewed the judge's comments in their context and find that, while it would have been better if the court had couched his response in different terms, the court's statements were merely an attempt to clarify appellant's confusion. Therefore, this assignment is groundless.

In his second assignment of error appellant contends that he was prejudiced by references to other crimes and a previous misconduct report. This Court has held that in a prosecution for a violation of Section 443, "it is incumbent upon the State to set forth the reasons and grounds for which a defendant is legally incarcerated in the penal institution." *Claunch v. State*, 501 P.2d 850, 852 (Okl.Cr.1972). Accordingly, we do not find that it was error for the State to introduce evidence as to the reason for appellant's confinement in the penitentiary from which he escaped. Also, we are of the opinion that trial counsel invited error when he asked appellant on direct examination to explain a former misconduct report. *Pegg v. State*, 659 P.2d 370 (Okl.Cr.1983). Therefore, we find no error.

Appellant next argues that his sentence is excessive. However, since appellant's sentence is well within the statutory limits, we decline to disturb the jury's verdict. *Kiser v. State*, 541 P.2d 208 (Okl.Cr.1975).

As his fourth assignment of error, appellant complains that improper prosecutorial remarks deprived him of his right to a fair trial. In reviewing the record, we find that appellant failed to object to the remarks; thus, this assignment was waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

In his fifth assignment of error appellant alleges that he was denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), offers a two prong

---

1. THE COURT: What I took what he says, you don't want to go in here—to come up here in front of me as a Court and say, "Okay. Look, I escaped from jail. I plead guilty to that." Go back down there and say, "Hey, you know, I don't agree that I escaped from jail. I've got an excuse for that."

   And they say, "To hell with you. God dammit, you already plead guilty to that."

   What I'm telling you, we can get around that argument, if that is a part of the problem. I don't understand what your problem is. (Tr.7).

analysis when counsel's conduct is alleged to be ineffective: First, counsel's performance must be shown to be deficient. Second, the defendant must show that the deficient performance prejudiced the defense. In the instant case, we do not need to consider the first prong since the evidence of appellant's guilt is overwhelming, and he has wholly failed to persuade this Court that but for the alleged errors a different result would have obtained. *Foster v. State*, 714 P.2d 1031, 1039 (Okl.Cr. 1986). Hence, this assignment of error is meritless.

■ Appellant finally urges that the imposition of disciplinary penalties for escape, in addition to punishment for conviction of Escape, violates the Double Jeopardy Clause of the Fifth Amendment. This Court has repeatedly rejected this identical argument. *See DeRonde v. State*, 715 P.2d 84 (Okl.Cr.1986). This assignment is wholly without merit.

The judgment and sentence is **AF-FIRMED.**

BRETT, P.J., and PARKS, J., concurs.