Gary Ward KETCHER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-616.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Gary Ward Ketcher, appellant, was tried by jury for the crime of Escape From a Penal Institution in violation of 21 O.S. 1981, § 443 in Case No. CRF–83–159 in the District Court of Atoka County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at seven (7) years' imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals to this Court.

On August 21, 1983, a shift supervisor at the Stringtown Correctional Center discovered that appellant and one other inmate were missing during the fourth head count of the evening. The shift supervisor immediately examined the area around the facility and found that all three (3) fences surrounding the prison had holes large enough for a man to pass through.

At trial, the shift supervisor testified that he had no knowledge of the appellant having permission to be out of Stringtown on August 21, 1983. The prison records officer testified that he had no records reflecting permission for appellant to be absent from the prison and that, in fact, appellant was on escape status from August 21, 1983, until his capture in Ohio on September 26, 1983. The appellant presented no evidence on his behalf.

■ Initially, appellant asserts that the trial court erred in excluding mitigating evidence of the administrative punishment imposed on appellant. The appellant argues that if the jury had been allowed to consider the evidence that he had been deprived of accumulated good time and given lock-up time by the Department of Corrections then a lower sentence would have been given. Yet, this Court has previously addressed the issue and stated that "institutional punishment is not a proper matter for consideration in mitigation of punishment for such criminal conviction." *Owens v. State*, 665 P.2d 832 (Okl.Cr.1983). This assignment, then, is without merit.

■ Appellant's second assignment of error is that prosecutorial misconduct during closing argument deprived appellant of a fair trial. The prosecutor asked the jury to impose a sentence of at least five (5) years "as a deterrent if nothing else." This comment, however, was not objected to by appellant's counsel and thus was not properly preserved for appellate review. *Thomson v. State*, 676 P.2d 857, 860 (Okl. Cr.1984). Since the comment was not "so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings," cf. *Cobbs v. State*, 629 P.2d 368, 369 (Okl.Cr.1981), a new trial will not be granted on this basis.

■ Finally, appellant asserts that the imposition of disciplinary penalties in addition to punishment for a conviction of escape violates both the double jeopardy clause of the fifth amendment and the Oklahoma statutory provision against double punishment. The flaw in appellant's double jeopardy argument is that the clause traditionally applies to criminal pros-

ecutions, *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975) and a prison disciplinary hearing does not constitute a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff*, the United States Supreme Court stated that while due process considerations apply to disciplinary hearings within prison, the full panoply of rights in a criminal prosecution do not apply. 418 U.S. at 557, 94 S.Ct. at 2975. It is well settled that "punishment" resulting from a prison disciplinary hearing and a state court conviction for escape do not violate the double jeopardy clause. *DeRonde v. State*, 715 P.2d 84 (Okl.Cr. 1986).

As for the alleged violation of 21 O.S. 1981, § 11 prohibiting double punishment, 21 O.S.1981, §§ 443 and 443a do not constitute two separate punishments for the same offense. Both the numbering and the language of § 443 and § 443a indicate legislative intent that the provisions should be considered in combination and not as alternatives. *Boyle v. State*, 569 P.2d 1026 (Okl.Cr.1977).

The judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.